IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01849-ZLW

MICHAEL KIRK LEGGETT,

  Applicant,

v.

RON WILEY,

  Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 20 2006

GREGORY C. LANGHAM
                   CLERK

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

Applicant Michael Kirk Leggett has filed *pro se* on November 13, 2006, a "Motion for Reconsideration." Mr. Leggett asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on November 2, 2006. The Court must construe the motion to reconsider liberally because Mr. Leggett is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Leggett filed his motion to reconsider within ten days after the Court's Order and Judgment of Dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of

less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant habeas corpus action because Mr. Leggett is challenging the validity of a sentence imposed by the United States District Court for the Northern District of Ohio and he failed to demonstrate that the remedy available to him in the Northern District of Ohio is inadequate or ineffective. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Leggett fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Leggett does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for Reconsideration" filed on November 13, 2006, is denied.

DATED at Denver, Colorado, this 17 day of Nov., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01849-BNB

Michael Kirk Leggett
Reg. No. 83644-011
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/20/06

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk